UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| HARVEST SCENTS & TRADERS, LLC, ) | | |
|     Plaintiff, ) | | |
| ) | | |
|   vs. ) | | 1:08-cv-0361-LJM-TAB |
| ) | | |
| KMI INTERNATIONAL CORPORATION, ) | | |
|     Defendant. ) | | |

## ORDER ON DEFENDANT'S MOTION *IN LIMINE*

This matter comes before the Court on Defendant's, KMI International Corporation ("KMI"), motion *in limine* to preclude Plaintiff, Harvest Scents & Traders, LLC ("Harvest Scents"), from introducing its products and pictures of products that were not deposited with the Copyright Office into evidence. After full consideration of the parties' arguments, the Court **DENIES** KMI's motion.

KMI moves *in limine* to preclude Harvest Scents from introducing into evidence any Harvest Scents products or pictures of Harvest Scents products that Harvest Scents did not deposit with the Copyright Office when it filed the copyright registrations. KMI argues that the introduction of this evidence will invite the jury to find that KMI infringed on unregistered derivative works, unduly prejudicing KMI because Harvest Scents may not bring suit based on infringement of unregistered works, 17 U.S.C. § 411. Harvest Scents argues that its later developed works are not derivative works, and that even if the later developed works are derivative works, evidence of them is more probative than prejudicial. Indeed, even if the products and pictures of products not deposited with the Copyright Office are derivative works, their introduction into evidence is more probative on the issue

of infringement than prejudicial to KMI.  The products and pictures of products have probative value because copying from an unregistered derivative work may constitute infringement of the registered work.  *See KnowledgeAZ, Inc. v. Jim Walters Res., Inc.*, 617 F. Supp. 2d 774, 789 (S.D. Ind. 2008). Direct copying of the registered work is not necessary to infringe, so long as the protected elements are copied.  *See JCW Invs., Inc. v. Novelty Inc.*, 482 F.3d 910, 914 (7th Cir. 2007) (noting that the elements of infringement include "copying of constituent elements"); *see also KnowledgeAZ, Inc.,* 617 F. Supp. 2d at 789.  Accordingly, the jury should be able to examine the later developed products and pictures thereof to determine, at least, whether they share the protected elements of Harvest Scents' registered products and whether those elements are present in both Harvest Scents' variant products and KMI's accused products.  Therefore, KMI's motion *in limine* is **DENIED**.

## CONCLUSION

For the foregoing reasons the Court **DENIES** Defendant's, KMI International Corporation, motion *in limine* to preclude Plaintiff, Harvest Scents & Traders LLC, from introducing Harvest Scent's products that were not deposited with the Copyright Office.

IT IS SO ORDERED this 28th day of February, 2011.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

2

Distribution to:

Anthony E. Dowell
DOWELL BAKER P.C.
aedowell@dowellbaker.com

Harold C. Moore
MAGINOT MOORE & BECK
hcmoore@maginot.com

Geoffrey D. Smith
DOWELL BAKER P.C.
gsmith@dowellbaker.com

Michael A. Swift
MAGINOT MOORE & BECK LLP
maswift@maginot.com

James Douglas Wood
MAGINOT MOORE & BECK
jdwood@maginot.com